The TAISHO MARINE & FIRE INSURANCE COMPANY, LTD., a corporation, Plaintiff,

v.

The VESSEL "GLADIOLUS", its engines, tackle, apparel and furniture; Gladiolus Shipping, Inc., a corporation; Sanko Steamship Co., Ltd., a corporation; Marine Terminals Corporation, a corporation; Arkansas Best Freight System, Inc., a corporation, Defendants.

No. CV 83–3638 AAH (Rx).

United States District Court, C.D. California.

Nov. 7, 1983.

Fisher & Porter, Los Angeles, Cal. by Gerald M. Fisher and David S. Porter, for plaintiff.

Lillick McHose & Charles, Los Angeles, Cal. by David E.R. Woolley, for defendant Sanko S.S. Co., Ltd.

HAUK, Senior District Judge.

The Court, having considered all points and authorities, declarations and exhibits filed herein by plaintiff Taisho and defendant Sanko and having heard oral argument from them on the above date, makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. A bill of lading contract for the carriage of carbon steel boiler tubes was entered into on July 31, 1981 at Tokyo, Japan between a Japanese ocean carrier, defendant Sanko Steamship Co., Ltd., and the Japanese trading company, Toyo Menka Kaisha, Ltd.

2. This latter company was insured against losses arising during the course of transportation by the Japanese insurance company, plaintiff Taisho Marine & Fire Insurance Company, Ltd., and Taisho is bound by and subrogated to the contractual rights and obligations of Toyo Menka Kaisha, Ltd.

3. The bill of lading contract provides, at Clause 1 where relevant:

1. (CLAUSE PARAMOUNT) This Bill of Lading shall have effect subject to the provisions of the International Carriage of Goods by Sea Act of Japan, 1957, which shall be deemed to be incorporated herein (except as otherwise specifically provided for herein) and nothing herein contained shall be deemed to be a surrender by the Carrier of any of its rights, immunities, exemptions or liberties or an increase of any of its responsibilities or liabilities under said Act.

4. The bill of lading further provides, at Clause 27 where relevant:

"Any suit against the Carrier shall be decided in the Tokio District Court in Japan according to Japanese Law to the exclusion of the jurisdiction of the courts of any other country."

5. No evidence exists to demonstrate that these provisions are unreasonable or unjust, nor that they are invalid for fraud or overreaching.

*Conclusions of Law*

6. The standards of interpretation and application of these provisions are governed by the principles enunciated in *Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1973), and which have been followed and applied in *North River Ins. Co. v. Fed Sea/Fed Pac Line*, 647 F.2d 985 (9th Cir.1982), *Tai Kien Industry v. HAMBURG*, 528 F.2d 835 (9th Cir.1976) and *Republic International Corp. v. Amco Engineers Inc.*, 516 F.2d 161 (9th Cir.1975) among others.

7. The Court has considered the cases of *Indussa Corp. v. RANBORG*, 377 F.2d 200 (2nd Cir.1967) and *Union Ins. Co. v. ELIKON*, 642 F.2d 721 (4th Cir.1981) and considers them wrongly decided.

8. The Court concludes that the provisions of Clause 1 and 27 of the bill of lading are valid and reasonable under the circumstances, and are enforceable so that the parties hereto are bound by their selection of Japanese law, jurisdiction and venue in the bill of lading contract.

9. Where the interests of justice require, any Finding of Fact may be deemed a Conclusion of Law, and vice versa.

Based upon the foregoing, and good cause therefore appearing,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the action herein brought by Plaintiff, The Taisho Marine and Fire Insurance Co., Ltd., against Defendant Sanko Steamship Co., Ltd., be now, and hereby is, dismissed with prejudice as to this or any further proceedings in the United States, except that this dismissal shall not prejudice, nor operate in any way as an adjudication of, the right of Plaintiff to bring suit or proceedings in the Tokio (sic Tokyo) District Court in Japan under the provisions of the International Carriage of Goods by Sea Act of Japan, 1957, against Sanko Steamship Co., Ltd., which hereby waives any and all periods of limitation for suit and agrees to appear in any such aforesaid suit for proceedings in the Tokio District Court in Japan.